JAMES W. GRANT, Adm'r of E. J. Drewitt. v. WM. H. HUGHES, Ex'r of Wm. T. Stephenson.

*Administrator's Purchase at his own Sale—Fraud—Judicial Sale.*

Where an administrator, through the agency of another, became the purchaser of lands sold by himself under a license, at the sum of $500, and afterwards sold it upon a long credit for $1,000, which was well secured, but it was ascertained that the value of the land was $750; *Held*, that the first sale was collusive and fraudulent, and that the administrator should be charged with the price for which he resold the land—overruling the opinion of the Court upon this point, in *Grant* v. *Hughes*, 96 N. C., 177.

This was a PETITION filed at October Term, 1887, to rehear this cause, decided at Spring Term, 1887. (96 N. C., 177.)

The facts are stated in the case reported, and by reference thereto, it will be seen that W. T. Stephenson, administrator of E. J. Drewitt, under proceedings instituted for that purpose, sold certain lands belonging to the estate of his intestate, to make assets to pay debts, when one R. T Stephenson became the last bidder at the price of $500, bidding for the benefit of the said W. T. Stephenson, administrator, &c., who directed the bid to be assigned to one J. D. Vincent, to whom soon thereafter the deed was made, and who on the same day conveyed to the said W. T. Stephenson for the named consideration of $600, though in fact no money passed, and about the same time the said W. T. Stephenson sold said land to one Lawrence Lassiter for the sum of $1,000, payable in five equal annual installments, with interest at 8 per cent., reserving the title to secure the purchase money. The first three installments (except $30) were paid by Lassiter to said Stephenson, and the last two installments and the said $30, amounting with interest to about $750, remain unpaid.

The land, as found by the referee, was in fact worth $750.

The sale by the administrator, he becoming indirectly the purchaser, was adjudged to be fraudulent, and the Court held that as "about $750 of the purchase money is still unpaid, and it may be, cannot be collected," the estate of the defendant's testator, the said W. T. Stephenson, should be charged with the actual value of the land, found by the referee to be $750, instead of $500, the price at which it was bid off.

*Mr. John Devereux, Jr.*, for the plaintiff.
*Mr. Thos. N. Hill*, for the defendant.

DAVIS, J., (after stating the case). Clearly the estate of the defendant's testator would have been charged with the $1,000, for which the land was sold to Lassiter, if all the purchase money had been paid to him, and the former decision was predicated upon the fact that it had not all been collected and perhaps could not be.

Adverting to the fact found by the referee, as appears in the report, that the land, the title to which was retained as security for the purchase money, is ample security for the balance of the purchase money due from Lassiter, and that the whole of it can therefore, with reasonable certainty, be collected, upon reconsideration, we think there was error in the former decision and that the estate of the defendant's testator, instead of being charged with $750, found to be the actual value of the land, should have been charged with the amount actually received from the sale of the land, with interest thereon at 6 per cent., and that the defendant executor should have been required to surrender to the plaintiff administrator, or to some one to be appointed by the Court, the notes or bonds for the uncol ected balance of the purchase money, with the security retained therefor, with directions for the collection of the same for the benefit of the estate of plaintiff's intestate, and with such further directions in

relation thereto as will secure the title to Lassiter, upon the payment by him of the balance of the purchase money, or the protection of his rights in the excess above the balance due, if it shall be found necessary to resell the land for the purpose of collection. This will protect the estate of the defendant's testator against any possibility of loss, and at the same time prevent, as a well settled principle of law and equity requires should be done, any benefit from accruing hereto by reason of the collusive sale of the land.

The result will be the same as if the estate of the defendant's testator had been charged with the $1,000, for which he sold the land to Lassiter, to be discharged upon the payment of the money and interest thereon, received by him and a surrender of the notes or bonds and the security held for the balance.

There was error in the former decision as herein indicated, and it will be corrected and made to conform to this.

Error.